**Lilit HOVHANNISYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,* Respondent.**

No. 03–70446.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2005.**

Decided April 15, 2005.

Lilit Hovhannisyan, Glendale, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Teal Luthy Miller, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM ***

Lilit Hovhannisyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's ("IJ") denial of her applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We deny the petition for review.

The IJ's partial adverse credibility finding was supported by substantial evidence. Although Hovhannisyan's eventual honesty is laudatory, it does not negate the fact that she submitted a counterfeit document and lied on her asylum application. She reiterated this lie five times on her asylum application. She also fabricated details of seeing her brother's body and organizing his funeral.

The IJ's adverse credibility determination was not based on inappropriate "conjecture" or "speculation." Ninth Circuit caselaw precludes the IJ from making factual findings without *any* evidentiary basis. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000) ("Speculation and conjecture cannot form the basis of an adverse credibility finding, *which must instead be based*

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*on substantial evidence."* (emphasis added)). However, the evidence that Hovhannisyan lied in the past about a material issue provides the IJ with an evidentiary basis for his ruling. Moreover, the whole framework of adverse credibility rulings depends on making generalizations based on a few inconsistencies, omissions, or lies. *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003) ("So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the alien's] claim of persecution, we are bound to accept the IJ's adverse credibility finding.").

Because the IJ's partial adverse credibility determination is supported by substantial evidence, and Hovhannisyan's other documentary evidence is insufficient to establish a well-founded fear of persecution, we affirm the decision of the BIA denying her asylum and withholding of removal. Because the only mistreatment that Hovhannisyan ever personally suffered was being slapped by a police officer, we also affirm the BIA's decision denying her relief under the Convention Against Torture.

██ Hovhannisyan also failed to show that her due process rights were violated. She argues that her hearing was fundamentally unfair for three reasons: (1) the IJ was a visiting judge; (2) the IJ was in a rush to complete her case; and (3) the IJ pre-judged her expert. These claims are meritless. The proceeding was not fundamentally unfair just because the IJ was a visiting judge. Nothing in the record suggests that the judge was in a rush. In fact, he continued the hearing several times at her request, and made the hearing significantly longer by asking Hovhannisyan numerous questions. The IJ did not pre-judge Hovhannisyan's expert. He merely stated his belief that the expert's

opinion would not be particularly relevant unless he could speak to Hovhannisyan's personal situation, as opposed to speaking more generally about Armenia.

PETITION FOR REVIEW DENIED.